**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLOOMFIELD CONDOMINIUM ASSOCIATES, LLC, <br><br>  *Plaintiff,* <br> v. <br><br> DENNIS DRASCO, individually, and in his capacity as Special Fiscal Agent, *et al*, <br><br>  *Defendant.* | Civil Action No. 08-6159 (KSH) <br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

The Court addresses the pending motion brought by Lawrence Olive, Esq., for sanctions against the Nowell Amoroso firm under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). Mr. Olive seeks attorney's fees in connection with his representation of the non-sponsor owners of condominium units who were sued by Bloomfield Condominium Associates, LLC ("Bloomfield"). The parties are familiar enough with the facts of this longstanding and complex litigation to recognize that the critical procedural facts hovering over Mr. Olive's entitlement to fees are Nowell Amoroso's withdrawal from representation of Bloomfield, the substitution of the firm Pryor Cashman, and the latter firm's filing of an amended complaint that omitted Mr. Olive's clients as defendants.

Nowell Amoroso argues that it responded to Mr. Olive's Rule 11 motion within the safe-harbor period and therefore is not exposed to sanctions; further, the firm challenges certain entries in Mr. Olive's certification of services.

The Court views Mr. Olive's application as made against Nowell Amoroso alone, consistent with his submissions and the unopposed statements of Pryor Cashman that once it was in the case as counsel of record for Bloomfield, Mr. Olive's clients were out.  Furthermore, the Court finds Mr. Olive's requested fee rate reasonable.  Upon a review of the factual record (specifically, Mr. Olive's amended certification of services [D.E. 95-1]; his specific time entries submitted in support of the motion; and his amendment s thereto submitted in his reply brief for this motion), and considering that the Court has already accepted $600/hour as a reasonable rate for counsel for Dennis Drasco, it will accept the rate of $400/hour as fair and reasonable under prevailing community market rates.  *See Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1034 (3d Cir. 1996).  Additionally, the Court rejects Nowell Amoroso's challenge to fees incurred after the filing of the amended complaint.  It was plainly reasonable for Mr. Olive to review the amended complaint, and to monitor the case thereafter; how was Mr. Olive to know that his clients had been removed from the case (and that the complaint had not been amended once again to include them) without reading the amended complaint and continually monitoring the case?  Finally, the Court rejects the firm's challenges to the other individual time entries; upon review of Mr. Olive's clarifications in his reply brief, the Court finds them reasonable under the circumstances.

Rule 11(c) provides a 21-day safe harbor from sanctions based on frivolous pleadings. Under it, "Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion." *Sneller v. City of Bainbridge Island*, __ F.3d __, __, No. 09-35056, 2010 U.S. App. LEXIS 10559, at *5 (9th Cir. May 25, 2010).  With respect to the firm's safe-harbor argument, as early as April 2009, Mr. Olive indicated that he would be seeking sanctions as well as a dismissal of the original complaint.  The Court makes this finding

based on entries in the docket. On April 2nd, Arthur Goldstein, Esq., wrote Magistrate Judge Shwartz a letter outlining several issues then in play, including his client, Dennis Drasco's intention to file for Rule 11 sanctions as well as a dismissal of the complaint. [D.E. 26.] By that time, Mr. Olive had already sought to file a motion to dismiss on grounds of failure to state a claim [D.E. 22], and Mr. Goldstein's letter supports that effort. Mr. Goldstein's letter harkens to an earlier indication by Superior Court Judge Kenneth Levy, sitting in the Chancery Division, that an application for Rule 11 sanctions in the form of attorney-fee reimbursement would be appropriate for him to make. Given these communications, it is inconceivable that Nowell Amoroso could be oblivious to Mr. Olive's intent to seek similar sanctions on behalf of the non-sponsor unit owners, in light of the long years of litigation and the unity of purpose between the co-defendants in this lawsuit. Moreover – and more importantly – Mr. Olive wrote to Nowell Amoroso on April 24, 2009, serving the then-unfiled Rule 11 motion upon the firm, thereby triggering (at the very latest) the safe harbor clock. The firm responded on May 14, 2009, protesting that the Rule 11 letter was "purely an argument," yet it did not withdraw the complaint at that time. [D.E. 108-1, 108-2]. As such, the Court agrees with Mr. Olive that the safe-harbor period began at the beginning of April 2009, or at the very latest, April 24, 2009. In either case, the amended complaint was not filed until July 20, 2009, after the 21-day safe harbor window had closed.

      The Court also rejects Nowell Amoroso's argument that when Pryor Cashman filed an amended complaint against Dennis Drasco only, any claim for sanctions against Bloomfield's former counsel was extinguished. Disingenuously, Nowell Amoroso states in its opposition [D.E. 103] that it was "effectively out of the case" at the time it received Mr. Olive's safe-harbor letter, and further claims that Mr. Olive's having "received" a copy of the Pryor Cashman

complaint on July 20th constitutes effective action on its part. The Court rejects such a reading of the record – Nowell Amoroso was still counsel of record on July 20th; it did not file to be relieved until July 27th; and when Judge Shwartz ruled on its application (which was made returnable in August), she permitted the withdrawal but only *after* the Rule 11 sanctions were ruled upon. [D.E. 57.] Meanwhile, Nowell Amoroso filed a 26-page brief in opposition to the Rule 11 motion [D.E. 48], hardly an indication that it was effectively out of the case. The same date that Judge Shwartz ruled on the motion to be relieved, Nowell Amoroso filed a letter seeking to file a sur-reply to the response to its opposition to the Rule 11 motions. In short, on this record the Court easily finds that Nowell Amoroso was in the ring with Mr. Olive and counsel for Dennis Drasco, and cannot claim that its ultimate withdrawal from representation shielded it from Rule 11 sanctions.

On the merits, the Court finds that Rule 11 sanctions against Nowell Amoroso are appropriate. Pursuant to Rule 11(b)(1)-(3), one who presents a pleading to the Court,

> whether by signing, filing, submitting, or later advocating it . . . certifies that to the best of the person's knowledge, information, and belief; formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

The legal standard for violations of Rule 11 is reasonableness under the circumstances. The Third Circuit defines this "reasonableness" as "an objective knowledge or belief at the time

of the filing of a challenged paper that the claim was well-grounded in fact and law." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990) (internal quotation omitted).

Consistent with the reasoning behind its March 10, 2010 decision granting Dennis Drasco's Rule 11 motion for sanctions and Rule 12(b)(6) motion for dismissal of the amended complaint (*see generally* Transcript of Mar. 10, 2010 ruling), the Court finds that the allegations against the non-sponsor owners in Nowell Amoroso's initial complaint were grounded in neither law nor fact.  Any reasonable assessment of the claims asserted by Bloomfield establishes that they were little more than an impermissible collateral attack on Judge Levy's prior orders, rather than a good-faith quest for legal relief.  Not only were plaintiff's claims subject to clear principles of abstention, but the voluntary dismissal of the non-sponsor owners demonstrates beyond debate that Bloomfield had no objectively reasonable evidentiary basis for haling them into this Court.  Had Bloomfield complied with Rule 11's safe harbor provision, the dismissal would have shielded them from sanctions.  *See In re Schafer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (noting that the "purpose of the safe harbor is to give parties the opportunity to correct their errors").  But a voluntary dismissal of frivolous claims falling outside the safe harbor window trumpets the objective unreasonableness of those claims.  *Cf. Zuk v. Eastern Pa. Psychiatric Inst. of the Medical College*, 103 F.3d 294, 299 (3d Cir. 1996) ("Tolerance of factual contentions in initial pleadings . . . when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to . . . make claims . . . without any factual basis or justification." (quoting Fed. R. Civ. P. 11, 1993 Adv. Comm. Note)).

District courts should abstain from exercising jurisdiction over a claim whose resolution in federal court would interfere with an ongoing state proceeding and offend important principles

of federalism and comity. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). *Younger* abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005). The Court is mindful that "abstention rarely should be invoked" and that "the mere existence of a pending state proceeding between the parties that parallels the facts of the federal action is not in itself sufficient." *Id.* But where the effect of a judgment issuing from this Court would have important (and perhaps devastating) collateral effects not only on the issues underlying the state proceeding, but on the judicial authority of the state court itself, abstention is clearly appropriate.

Bloomfield initiated this suit after multiple adverse rulings by Judge Levy in the Chancery Court. In its complaint, Bloomfield claimed that Dennis Drasco and the non-sponsor unit owners conspired to deprive it of "its property rights in the condominium and to take control of the management of the condominium," and that "[a]s a result thereof, [its] property has been mismanaged and the value of [the] property has been destroyed or materially-reduced." (Compl. ¶ 32.) Essentially, Bloomfield alleged that the defendants duped Judge Levy into making decisions that had negative consequences on its business operations. As such, the crux of Bloomfield's complaint was the impropriety of, and the effects caused by, the decisions made by Judge Levy himself. For instance, in paragraphs 62 and 63, Bloomfield alleged:

> On June 10, 2008, accepting Drasco's misrepresentations, *the state court ordered the appointment of a new property manager that was not controlled by Plaintiff, thereby replacing Plaintiff's property manager without any evidentiary hearing, without a trial, without legal precedent or a single reference to any statute*, and based solely on the hearsay and opinion arguments made by Drasco. As mentioned above, the new property manager was inexperienced and incompetent,

6

> resulting in deteriorating conditions at Brookdale Gardens, as forth in more detail hereinafter.
>
> The June 10th Order is a devastating event that completely changes the management and control of the condominium Association, *occasioning what is tantamount to a taking of sponsor's property without due process.*

(Emphasis added). Furthermore, the complaint alleged that "[t]he relief granted by the trial court on June 10th circumvented significant due process safeguards that Plaintiff herein was clearly entitled to, but was not in fact accorded." (*Id.* ¶ 71.)

Bloomfield has already sought to challenge Judge Levy's decisions. In the past three years, it has filed three times for leave to file an interlocutory appeal with the Appellate Division. All applications were denied, including the last application to recuse Judge Levy from the state litigation and to replace Drasco as special fiscal agent. After gaining no traction in the state court system, Bloomfield initiated this ostensible constitutional suit, requesting that this Court undercut the discretionary (and interlocutory) determinations that Judge Levy has made, and which the Appellate Division has thus far refused to review.

The three prerequisites for *Younger* abstention are present here. First, the parallel state judicial proceeding remains pending. Second, Bloomfield clearly has an adequate avenue to assert its federal claims in the state-court proceeding, and in state appellate proceedings thereafter. Third, the pending proceeding – which itself is the subject of Bloomfield's apparent consternation – implicates important state interests. As the Court has stated, these interests go not just to the facts of the state litigation, but to the functional capacity of the state court itself to issue discretionary administrative orders and to oversee its own docket. The prospect of federal-court intervention into the daily workings of state judicial operations – which necessarily would occasion this Court's grant of relief to Bloomfield – counsels restraint. *See Addiction Specialists*, 411 F.3d at 410 (noting "that even if the federal claims at issue do not themselves

7

implicate important state interests, "certain aspects of [the] requested relief may potentially interfere with the state proceeding") (internal quotations marks omitted).  For these reasons, the Court concludes that Nowell Amoroso's complaint violated Rule 11 by virtue of the obvious application of *Younger* abstention.

Aside from the clear applicability of federal abstention doctrine, the original complaint utterly failed to establish a reasoned evidentiary basis for pleading that the non-sponsor defendants conspired with Dennis Drasco or abused the state-court process.  And again, this is confirmed by Pryor Cashman's subsequent omission of those defendants in the amended complaint.  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)); *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The original complaint provides no plausible basis, other than bald assertions, to believe that Mr. Olive's clients were in any way responsible for Bloomfield's alleged injuries or that they acted unlawfully and in concert with Dennis Drasco.  The pleading violated Rule 11(b)(2) and (3) for this additional reason.

Rule 11 "imposes on counsel a duty to look before leaping[.]"  *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986).  A careless filing without reasonable factual or legal grounds warrants sanctions, and they are warranted here.  For the foregoing reasons, the Court finds that the filing of the initial complaint constitutes sanctionable conduct under Rule 11(b) and grants Mr. Olive's motion against Nowell Amoroso [D.E. 38].  In accordance with his May 29, 2010 submission to the Court [D.E. 108], in which he amended his previous certification and adjusted his requested fees to account for the preparation of his reply brief, the Court finds that

Mr. Olive has adequately supported his request and hereby awards him $33,993.34 in attorney's fees.  An appropriate order will issue.

/s / Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

Date:  June 23, 2010